I will we'll hear the Schonewolf case Good morning, your honors, and may it please the court, my name is Jacob Schuman and I'm here to represent Janet Schonewolf. May please reserve four minutes of my time for rebuttal. Four minutes indeed. Thank you. In Tapia v. United States, the Supreme Court read section 3582A of the Sentencing Reform Act to set a simple rule for district courts. Do not think about prison as a way to rehabilitate an offender. This same rule applies. Is that really what Tapia said? That's actually a quote from Tapia. Do not think about. Here's the, let's take a step back, right, because I'm trying to look at the whole expanse. So I look at Tapia, right, but I also look at Manzella and Doe. I look at the focus on, excuse me, 3582 and 3583. And I'm trying to figure out why there's agreement between the parties, and you'll tell me if I've misapprehended the agreement, but I'm trying to figure out why there's agreement between and among the parties that Doe is overruled. Sure. So there's three reasons for that. And actually- Wait, just, I'm going to set the table just a little bit more. And so give me a moment. There's language in Manzella because it's an AD2 case that is consistent with Tapia. There's language in Tapia that's consistent with Doe because Tapia specifically excises on page 330, 3583. And so what I'm not understanding is how do you all reconcile the language in Tapia, which seems to draw a distinction, as does Manzella, between 3582 and 3583. So that in the post-revocation situation, Tapia talks about 3553A4, where medical treatment and corrective action is permitted. And the cases have said that that's where you'd slot rehabilitation. So having that expanse- Sure. So I think- Let me understand now. It's important to, I think Tapia supersedes Manzella. Tapia sets a broader rule than Manzella did in terms of interpreting 3582A, and Tapia is from the Supreme Court, so that's the controlling case. But as far as Doe goes- Footnote number one, Tapia says Manzella got it right. I don't think that's accurate in terms of the rule that Manzella takes in terms of interpreting 3582A and the rule that Tapia sets. Tapia sets a much broader interpretation, but putting that aside for a second, there's three reasons why Tapia supersedes Doe, or implicitly overruled Doe. The first is that Tapia places great weight on the fact that under the Sentencing Reform Act, judges have no power to ensure that the defendants they send to prison actually receive any rehabilitative treatment. That power belongs exclusively to the Bureau of Prisons. By contrast, judges do have the power to require the defendants they sentence to supervise release receive rehabilitative treatment. And Tapia reasons from this that when Congress wanted judges to consider rehabilitation, it gave them the power to ensure that the defendant would actually receive rehabilitative treatment. But when Congress didn't want judges to consider rehabilitation, like when they sent people to prison, it did not give them the power to ensure that they receive treatment. And the First Circuit, in an opinion written by Justice Souter, said that this aspect of Tapia was decisive in finding that it must apply to revocations of supervised release. Doe never mentions this fact. Tapia said that this statutory silence was equally illuminating to the language of 3582A. So the fact that Doe never mentioned this, Tapia relied so heavily on it, that's one reason. Think about the language in Tapia. I'm going to give it to you in just a second. Okay, so in the Supreme Court reporter, it's 2390. Okay, thus the SRA sent some foreign app. They instructs courts in deciding whether to impose probation or supervised release to consider whether an offender could benefit from training and treatment programs. And so the SRA also authorizes courts when imposing those sentences to order an offender's participation in certain programs and facilities and certain statutory references, and 3583D is one of them. And then there's a further discussion, and it seems to be drawing the distinction between how it's going to treat 3582 and how it's thinking about 3583. No, what it's drawing the distinction between is when a court sets a term of supervised release under subsection C and when a court sends someone to prison. When a court sets a term of supervised release, it can require as a condition of release that the defendant participate in drug treatment or other rehabilitation services. But as soon as the court revokes that release and sends the person to prison, it's no longer in the court's hands to require or ensure that the defendant received treatment. And Congress has concluded that prison is not rehabilitative in any circumstance. Well, isn't that the essence of TAPIA? The prison is not for rehabilitation. You can't base the sentence on the need for rehabilitation. And that would apply... Prison is not for rehabilitation. It's the same whether it's revocation of supervised release or the initial prison term. Right. They end up in the same exact prison in the same cells doing the same activity. It would be absurd to say that prison isn't rehabilitative when you send someone there for a conviction, but it is suddenly rehabilitative when you send someone there for a supervised release violation. But how do you believe that TAPIA implicates what happened here? Because there's nothing here that resembles in any way what happened in TAPIA. I mean, TAPIA says you can't base the term... The record indicates the court may have done more. Selected the length of the sentence to ensure that TAPIA could complete. These statements suggest the court may have calculated the length of the sentence to ensure that she receives certain rehabilitative services, and that a sentencing court may not do. I mean, the opinion acknowledges certainly courts can consider rehabilitation. And presumably, that's what happened here. Although I don't even think it's all that close. I mean, she's a danger to herself and to the community. The judge had given her a lenient sentence before and realized the error of her ways that this person is actually dangerous and going to put her away. Doesn't say, listen, you need to complete this treatment program, and therefore, I'm going to make it 60 months so that this 48-month treatment program can be done. So how do you believe TAPIA really helps you here? So the specific facts in TAPIA were narrower than this case, but the court in TAPIA set a much broader rule. And this quote, I don't think made it into our brief, so I want to read it. It's very important. It's at the end of TAPIA, the court said... What page? I don't have the pin set. It's at the very end of the opinion. That's where I was. The court says, a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation. And that's critical, or otherwise to promote rehabilitation. Both the Fifth Circuit in Culbertson and the Tenth Circuit in Thornton cited that language, or otherwise to promote rehabilitation, to reject the argument that the government's made in this case that TAPIA is only violated... And to promote rehabilitation. Whoa, that opens Pandora's box. Everything could be said to promote rehabilitation. What did the court say here in sentencing that you believe says, aha, I'm doing this, I am imposing or lengthening this term to promote rehabilitation? I think there's three key quotes I'd direct the court's attention to. The first comes on page 76 of the appendix, where the court said, the facts just scream for the conclusion that the defendant in this case needs to be contained, not only for the benefit of society, but for her own benefit. The second... Okay, for her own benefit, to take her away from the instances and the opportunities to get drugs. Right, and that's a rehabilitative justification to benefit her. No, that's removing her from the community that has poisoned and that she can't resist. Well, I think what Your Honor is referring to in the rehabilitative theory of punishment, Judge Posner... But what in the court's sentencing says, aha, while she's in prison, she's going to get some rehabilitation that she needs? So that's on page 84, where the court says, the last step we have in order to give you a fighting chance... What's the line, please? I don't have the exact line. It's page 84. It's when the court is addressing her just before it imposes sentence. The last step, fighting chance to recover, is to limit your contact with the outside world. What Tapia says is that Congress did not just lose faith in prison's potential to rehabilitate through treatment, but also through isolation and routine. It's a total loss of faith in the rehabilitative potential of prison. So isolation is rehabilitative. So anytime the court says in sentencing, we're going to remove you from the community, the lights go on, it's promoting rehabilitation? No, no, no. There's a difference between an incapacitative theory of punishment, I'm putting you in prison to stop you from hurting people on the outside, and a rehabilitative theory of punishment, I'm putting you in prison for your own benefit. That's the forbidden reasoning. Well, that's not here. It says to limit your contact. Well, to help you recover from your addictions. If the court had said, you're a danger to the community, and that's why I'm putting you in prison, the court also said that. But if the court had said, that's the reason I'm giving you a significant prison sentence, that would have been acceptable. And Judge Posner talks about the difference between an incapacitative theory of punishment and a rehabilitative theory of punishment in the Kubesko case, which we said in our brief. So Congress has said, putting someone in prison for their own benefit is unacceptable. Prison is not a rehabilitative environment. It's meant to be punitive solely. Now, we acknowledge that the court also had other reasons for imposing the sentence, but that's the same thing in Tapia. In Tapia, the court said that it was locking the defendant up, both as the deterrent and as a rehabilitative measure. And the court still found error. In fact, the court found error because it said the transcript suggested the possibility that the sentence may have been based on rehabilitation. Certainly, I would say the transcript here suggests that possibility. And therefore, the court violated Tapia. I think that's pretty much the argument. Unless the court has any other questions about Doe, I'll save the rest for rebuttal. Thanks. Oh, actually, just one last thing. So you believe Tapia overrules both Doe and Manzella? I wouldn't say that it overrules Doe or Manzella. In Manzella, the court said that 3582a is only reason for the punishment. But Tapia takes a much broader view of the statute, and for good reason, says that any time that a judge considers rehabilitation, it violates 3582a. Is it just a mention of rehabilitation that you find would be error? It's not a mention of rehabilitation. Tapia says— I hope you do find rehabilitation at some point along the way. I mean, why can't you say something  What Tapia says is that a court may address the defendant about the opportunities for rehabilitation that are available in prison, but that rehabilitation can't be a purpose of the sentence. And you're saying that that's exactly what happened in this case? Yeah. The court said that it was imposing a significant prison sentence as the last step to give her a fighting chance to recover from her addictions, and that the fact screamed out that she needed to be contained for her own benefit. Right. So the sole factor test is out. The dominant factor test is out. Well, courts have taken two different approaches to identifying errors. Some have said that any consideration of rehabilitation is a violation. No, I'm so sorry. My question is, what is your view of what Tapia does? I know middle courts are— Right. My view is that Tapia sets the consideration, that any consideration of rehabilitation is a violation, and that's straight out of Tapia itself. The court said that sentencing courts should consider the specified rationales of punishment except for rehabilitation. So considering rehabilitation violates— She said other things as well. I mean, you have to consider this rehabilitation comment in context, I suppose, because the court also took into account, if I recall, that she had been given a significant downgrade in a prior sentence. That's true. And you was taking that into account also. Absolutely. It's clear that the prior leniency she received was a factor the court considered. But that's no different than in Tapia, where the court considered deterrence as well as rehabilitation, and the Supreme Court still found error. In fact, the Woolley case from the Fifth Circuit, which we cite in our brief, is very similar. In that case, the defendant had received a break at initial sentencing, and the sentencing court said, I gave you a break, so that's one reason for the sentence. Also, you need to be confined to get over your cocaine addiction. Fifth Circuit said, under the dominant factor test, this is error. It's pretty much the same situation here. Thank you. Thank you. Good morning, Your Honor. May it please the court, Robert Zosmar on behalf of the government. The government does agree with the defense that Tapia abrogates Doe with respect to a revocation sentence. And if the court permits, I can explain our position on that, which the government has taken since 2011, since shortly after Tapia was decided. Not to repeat everything that my able colleague said, but we pretty much take the same analysis. The important thing, really, and we're also not writing on a clean slate here. There are nine circuits that have now agreed that Tapia applies to revocation proceedings. They're listed at page 16, note 3 of the appellant's brief. Most of them are. There's also the Vandergriff case from the Eleventh Circuit. A number of those nine circuits have abrogated their own precedent akin to this court's Doe decision. And the reasoning, it really starts with former Justice Souter's opinion in the Mullig Narrow case that my colleague cited, in which Justice Souter focused on the rationale of Tapia, where Tapia says the problem we have here is that not only do we have a statute that says that a court should not consider rehabilitation, but Congress expressly did not give a district court any power to control rehabilitation within a prison. In contrast, in the supervised release statute, which Judge Greenaway is what you're citing, the court does have specific authority to direct specific programs while someone's on supervised release. And so what the Supreme Court says in Tapia is it would be quite anomalous if the Congress were allowing district courts to consider rehabilitation at sentencing and yet giving the court no power. And in fact, that's why I'm extending your sentence, because I want you to get, I think it was the RDAP program, and it turns out the person gets assigned to a prison, which the court has no control over, that doesn't offer the RDAP program. And so that was the reasoning of Tapia, is that Congress would have given courts authority to control rehabilitation if they were considering rehabilitation. And what Justice Souter explains is that we're in the same place with supervised release. The court could say I want you to get up to the Bureau of Prisons as to any programs that will be offered. You're saying that the courts cannot consider rehabilitation? That's what you said Justice Souter said in Mode Narrow, that the courts can't consider rehabilitation. Is that what Tapia says? So that's a short form, and thank you very much for that question, because I think it's very important for this court to specify what exactly can a district court do or say. Do and not do. And do and not do, especially in a case like this, and I'd into the proceeding. This creates a real trap for a district judge, unless we're very specific about what a court can and can't do. What a court can't do under Tapia, plain and simple, is impose or lengthen a sentence in order to further rehabilitation. I don't fully agree. In order to. In order to. So that has to be, this is what I'm doing because I'm basing the prison term of the That's right, or lengthening it. Simply mentioning rehabilitation, simply stating an aspiration that you will receive rehabilitation in prison. This court has made clear, and many other courts have made clear, does not violate Tapia. It's to impose or lengthen a sentence. And so in the reply brief in this case, they take us to task for citing. So it has to be the single focus? I mean it's still has to be unclear because Tapia says what it says. It seems to me it says what you're saying, but how do we, is it the single focus? Is it the but-for focus? I don't believe, well importantly, I don't think it's the single focus. And the reply brief suggests that we said this, and I'm not criticizing my friend. Maybe our brief wasn't specifically clear because there's so many words that are thrown around and all these different opinions of solely and merely and dominant. In order to. I think what matters is you look at what the district court said and see was this a reason. It does not have to be the only reason. I am not here to say that solely means that's the only reason you receive your sentence. Because a district court could sentence somebody and say I am sentencing you to this term because you committed a really bad crime and because I want you to have enough time to get rehabilitated in prison. That would be. Will you take what what opposing counsel said he thinks is statement of rehabilitation purpose in the district court's sentencing and how you view it? Well it's not. So the comments that they cite, first there's the for your benefit. Saying to a defendant that you're damaging yourself as well as the community does not say at all that I'm imposing or lengthening your sentence in order to further rehabilitation. And he's also repeating what defense counsel said. Exactly and I'm definitely going to come back to that if time permits. But saying it's for your benefit, saying you're hurting yourself is just saying you know you're going to be in prison because you're going to harm yourself if you're not. And courts have said that you know for time immemorial. Doesn't that get very close to saying you really need rehabilitation? Well you know a court could say that also. That incarceration might promote? A court could say that but we need to look at the record and see is the court imposing the sentence for that reason as opposed to stating the hope that that's what will happen. Now the other statement and the one they really focus on is the statement that you know I've reached a conclusion you're a significant danger to yourself and the last step we have in order to give you a fighting chance to recover from whatever addictions you have is to limit your contact with the outside world for a significant period of time. That again is just observation. That's not saying I'm imposing lengthening your sentence. The reason this case is not a difficult case at all is that the court here explicitly says why it's lengthening the sentence. And the reason has nothing to do with rehabilitation. It's what the government advocated. I'll say as an aside the government never mentioned rehabilitation. The government said here's a person who has repeatedly received extreme leniency. This person at her original sentencing in Utah faced a range of 70 to 87 months and was sentenced to time served of four days. She then violates a few times and at the most recent violation before Judge Padova in 2016 he gives her one day and he says to her what we've all heard district judges say so many times if you come back this isn't going to happen again. And so when she does come back the government cites to the court section 7b 1.4 and asks for an upward departure because the guideline says if you receive leniency before that can be a factor in an upward departure when you violate supervised release. And so the district court says this is the reason I am lengthening your sentence and giving you an above guideline sentence. This is not a difficult case. We add to that the fact that we're here on plain error review that no objection is made and so not only do I not believe this record supports it but it's the defendant's burden to show that the court made this error and that there's a reasonable probability that it would do something different if this came back and they can't meet this burden. And that's why I want to talk if I can about this trap that exists here because we all know this court's very strong firm precedent that when a defendant adds sentencing raises a mitigation issue the district court has to address it. If the district court doesn't address it under Gunter and every case that's come since since Booker in this court that's procedural error and the district judge is likely to find herself conducting that sentencing again. So here you're putting the district court in a position where they repeatedly argue to him that she needs rehabilitation. The defense counsel in her presentation says give her two years that's enough that's enough so that she can get the drug treatment. The defendant herself in her allocution says I want to get rehabilitated in prison but don't put me there for too long for more than I need. So under this court's precedent the district court has to say something about that and yet here we find ourselves where at that moment when the judge then mentions rehabilitation that it's been invited to mention by saying you're a danger to oh plain error. You know even though we didn't say a thing now we're here to say he mentioned the word and we get to do sentencing again. This is just very very never even really did sentence the word or no no he didn't but even if you want to give that interpretation to these opaque statements this is not right and I don't think it should be permitted on plain error view. Defense counsel was explicitly asked at the end of the proceeding do you have any errors and maybe this is some new training on the defense side after all the plain error decisions of this court where defense counsel stood up and said I preserve my procedural and substantive objections and the district court says what are you talking about because there weren't any objections and then she says I have nothing further to say. So you know I think this is exactly what the Ed Bank court here spoke about in Flores Mejia is the opportunity to just sandbag to lay a trap for the district court and it's forbidden phrase is the one you also want you're asking the district court to consider but there just was no error there just is no consideration. So the I think the very important thing here is that the district court was so explicit in saying what its reason for the upward departure was and that departure is squarely grounded on the guidelines. Just to be complete here I have a only tapas discussion of the court's inability to to enforce rehabilitation in prison it's also the focus on one particular statute I think it's also relevant here which is 28 U.S.C. 994 G. Now as we know section 994 was the original road map for the sentencing commission giving the commission guidance as to how it should create its guidelines and 994 G repeats what's in section 3582 A by saying the sentencing commission shall formulate guidelines keeping in mind that it is not a purpose of incarceration to promote rehabilitation. So it's the exact same language. Doe addressed that. Doe said well does that give us any pause in saying that you can consider rehabilitation at a revocation sentencing? And the court said no it doesn't because that's just a direction to the sentencing commission and it doesn't have to do with what the district court can do at a revocation hearing. But the Supreme Court comes along and they rely quite heavily on 994 as well as 3582 in the Tapia decision and many of these nine circuits that have now reached the conclusion have noted this as well. It's relevant here because we're dealing with an upward departure from the guidelines under a provision in the guidelines. So that 994 is actually very relevant to this revocation sentencing because the sentencing commission of course has not just written guidelines for initial sentencings, it's written guidelines for revocation proceedings here including 7B1.4 which is the departure provision where you earlier received leniency. And so we have to look at the guidance we know from the statute that when the sentencing commission wrote this guideline they have the same directive in mind which is don't consider rehabilitation as a purpose. So the district court is told to do that by Congress, it's told that by the sentencing commission, it didn't say anything here to suggest that it was violating it and it certainly didn't commit plain error. Unless the court has further questions I'll rest on that. I do have a question. I find it curious that in 3553A2 and it's cited in TAPIA but never discussed, the fourth the need for the sentence imposed, the fourth factor is to provide the defendant with needed educational vocational training, medical care or other correctional treatment in the most effective manner. And that seems to me to border on to rehabilitate. And it's never, it's not mentioned in TAPIA and it seems to me it's just curious. I believe it's referenced in TAPIA. It doesn't just border on it. I think it calls for consideration of rehabilitation. That your honor is what created the circuit conflict to begin with that led to TAPIA. And frankly the government in TAPIA argued that you can consider rehabilitation and its position was defeated by the unanimous court but the government was focused on that. But no you can consider rehabilitation. Right and so I think the best interpretation after TAPIA of what this anomaly that your honor is focused on is that D or whatever the subsection that is, is relevant to everything but incarceration. So that provision retains force when the court is considering probation or supervised release or other aspects of sentencing. It will consider the need for rehabilitation but 3582A cancels its ability to consider that factor with regard to incarceration. And the same is true at a revocation proceeding under all this precedent that we've discussed. But that is what created the anomaly and the Supreme Court resolved it in TAPIA. Thank you very much your honor. Thank you. Counsel we'll hear you on rebuttal. Thank you. I'd like to start with the notion that because Ms. Schoenwolf mentioned her drug addiction at the sentencing hearing it was somehow acceptable for the court to base her sentence on that in violation of 3582A. It was not. Ms. Schoenwolf's main argument was that because she was addicted to drugs she was less culpable for her conduct. Essentially she was under the control of a drug addiction and she wasn't out there just trying to profit. If the court had responded to that by saying no I don't find your drug addiction makes you less culpable that would have been perfectly acceptable. But that's not what the court did. The court said that a significant prison sentence was necessary to cure her addiction. And multiple courts have addressed this exact question. We cite them in our brief. The first, the fifth, the eighth, the defendant raises the issue of their addiction at a sentencing hearing does not give the court permission to lengthen the sentence to treat that addiction because Congress has said that prison is not rehabilitative. Well I take your point but on 75 I think this defense counsel, you're probably familiar with this, the if the court imposed the low end of the guidelines 24 months that's still an additional two years on top of whatever she serves in state prison. That's ample time for her to participate in a drug program and I think that that's one of the recommendations and it goes on. Right so this exact situation came up in the 10th circuit decision in Thornton. The defendant said a 38 month prison sentence was enough for drug treatment and the court said no I think you need 70 months to get drug treatment and the 10th circuit said that was error. The court can, it's not our position that the court can't consider rehabilitation at the sentencing hearing. It's just that the court can't consider prison as a means of rehabilitating the defendant. So the court can say I hear you're asking for two years because that's all you need for drug treatment but I think there's other reasons for a longer sentence or the court could say I hear you that you only need two years for rehabilitation and I'm not going to impose any more for that. I thought Mr. Zausmer's point was based on you know Flores-Mahin and other cases of ours it's incumbent upon the court once an issue is raised to respond. Sure so there are many responses available to the court. The court can say I reject your argument that two years is sufficient because I think more than two years is necessary for reasons other than rehabilitation. That would be a response to the argument that wouldn't violate TAPIA but that's not what the court said here. It said that you need a significant prison sentence to treat your addiction to cure your addiction and that's forbidden. You know you focus on the terms or to promote otherwise promote. What if we were to say that the court cannot use rehabilitation as the focus of the prison term focus of the prison term? What if we were to say that? Would you agree with that? I think that would be contrary to TAPIA and contrary to the language of the statute. What would you we need to tell the district courts what they can and can't do? How would how do you want us to draw that line? They cannot consider rehabilitation. They clearly can consider I mean TAPIA talks about considering. No it says that the court can address the defendant about the opportunities for rehabilitation in prison. The SRA instructs courts in deciding whether to impose probation supervised release to consider whether an offender could benefit from training. Absolutely so when it when a court imposes supervised release when a court is sentencing someone it can consider rehabilitation but when it imposes a prison sentence it cannot consider rehabilitation. So if the court says what that's not what TAPIA says. I think it is the court says ensure that she receives certain rehabilitative services and that court may not do a court may not impose or lengthen a prison term to enable an offender to complete a treatment program or otherwise to promote right pose or lengthen to promote rehabilitation. So doesn't rehabilitation have to be the focus of the prison term? Well there's a distinct there's a division between the courts between the consideration and the dominant factor approach but the the quote from the Supreme Court and this is the guidance that the Supreme Court gave to the sentencing court is the court should consider the specified rationales of punishment except for rehabilitation. So that seems to suggest that when considering the rationales for punishment and imposing a prison sentence the court should consider all of them except for rehabilitation and considering rehabilitation would violate that mandate. And which what page is that? You know I don't have the exact insight on me I'm really sorry but I'm sure the clerks can find it. Should consider the specified rationales for punishment except for rehabilitation which it should acknowledge as an unsuitable justification for a prison term. And you know the other thing that the court says in TAPIA is that it's going to reverse because the transcript suggests the possibility that the sentence was based on the defendant's rehabilitative needs. Suggests the possibility. One of the things Mr. Shuman that the court said is that to give you a fighting chance to recover from whatever addictions you have is to is to limit your contact with the outside world and you say that that is a express statement of rehabilitation? Absolutely because essentially Congress rejected two methods of rehabilitation in 3582a. Why can't it be interpreted as I want to get you out of the element that you have been in for the past couple of years and and that's one of my purposes for sentencing. Yeah and Congress has rejected that as a method or as a theory of punishment because it's not just about drug treatment it's also about putting someone in a cell and Congress has concluded that that is not a rehabilitative environment. And there's good reasons to conclude that it's not a good way to get someone off drugs by you know locking them in a cell with other drug defendants and stigmatizing them and putting them in a traumatic environment. There's good reasons to think that's not saying and I have great hope for you. Well if if the court had said here's your sentence I'm imposing it because of the prior leniency you were granted and by the way I hope while you're in prison that you get clean from drugs that would be great that would be permissible under TAPIA but that's not what the court said. The court said that the facts screened out for the conclusion that a the defendant had to be contained. The court said that the significant prison sentence was the last to give her a fighting chance to recover and in fact on page 80 of the appendix the court framed the whole question of whether to give her another term of release or send her back to prison as what's best for her under these circumstances. So I really think it's it's inescapable that in the court said one of the reasons that it was imposing a long prison sentence a 40-month prison sentence was to rehabilitate Ms. Schoenwulf and Congress has said that's forbidden. Just one last point if I may in regards to plain error here. The government said that we can't show effect on Ms. Schoenwulf's substantial rights. This court addressed this particular question in Matteo Medina where the court had considered multiple factors in sentencing the defendant including one impermissible factor which was the defendant's bare arrest record and the court said on plain error review that that there was error and it reversed and it said that consideration of that one impermissible factor did affect the defendant's substantial rights because once an impermissible factor comes into play the court can't unring the bell and that's exactly what happened here and the court really gave two reasons for the sentence. The prior leniency and her drug addiction rehab for her drug addiction and once that impermissible factor came into play you know there's no way the court can unring the bell and on remand if the court does not consider rehabilitation it is reasonably likely that it'll give her a shorter sentence. Thank you. Thank you counsel. Appreciate the arguments. We'll take the matter under advisement.